And, Mr. Young, you have reserved three minutes of your time for rebuttal. Is that correct? Yes, Your Honor. Okay. You may proceed. Good morning, Your Honors. May it please the Court. Dan Young, representing C.A., Inc. The first issue on this appeal, and it impacts both independent claims and independent appeals, element B and 17, element B, is the Board's claim construction of the term cache memory. And as used in the claim for both claim element 1A and 1B, the term reads, a cache memory in a cache engine, said cache memory including mass storage. And the Board applied a construction that says it requires, this term requires mass storage, but permissibly allows other types of memory including volatile memory such as RAM, which is random access memory. And what the Board did here is it significantly broadened the scope of this term and it equated mass storage as a form of a memory. But as used in the specification, the patentee has made it very clear that memory and mass storage, while both part of the cache engine, are two different things. And the whole point of the invention is for the cache engine to use memory and mass storage inside the cache to help speed up the caching process. And it's an improvement upon the prior art, which were proxy servers. Counselor, don't the claims they plainly recite the cache memory, do they recite that term as a single item? Yes, Your Honor, it says a cache memory, but that cache memory includes mass storage. So if you look at figures, as an example, figures 1 or figure 2 of the patent, it shows exactly what it's talking about. It shows a memory 103 and a mass storage 104 with a dashed line in between them and a box around the entirety of it. So it's treating the, I'll call it the, everywhere where the network items are stored, as part of a single storage element. But it's two different things, a memory and mass storage. And if you look at the various parts in the specification, like as an example, the abstract, it says a cache engine determines directly when and where to store those objects in a memory, such as RAM, and mass storage, such as one or more disks. And then it says to do that without having to maintain them persistently, which means what it's doing is essentially it's taking mass storage and based on its teachings as to how to store it, it can do so without a file system. It then expands the scope of what's traditionally RAM memory and expands it to include mass storage so that it can speed up the caching process. And it makes it very clear that it's storing them in a combination of the two. As an example, in column 9, line 66 through column 10, line 3, it says a cache engine 100 uses memory 103 and mass storage. But that is just an example. As I understand the dispute, the board agreed that while mass storage is required, memory, particularly volatile memory, is permissible but is not required. That's what the board said, correct? Yes, Your Honor. And you're here to argue that in addition to mass storage being required, memory, volatile memory, is also required, correct? Yes, Your Honor. Now, help me with that. I mean the claim language expressly calls out cache memory including mass storage. There's no similar sort of explicit calling out of some additional type of memory. It seems to me the claim language cuts against you. Well, Your Honor, there's nothing in the specification that says, that equates mass storage to, quote, memory, particularly in the caching context. Right, but I'm just saying, just stick to the claim language just for a second. Yes, Your Honor. Cache memory including mass storage, I see and you don't disagree, I see why the board said we have to have mass storage, right? Yes, Your Honor. It's right there in the language. Yes, Your Honor. But the fact that it doesn't go on to say cache memory including mass storage and volatile memory, doesn't that at least suggest that the drafter of the claims was not trying to require, in addition to mass storage, volatile memory? Your Honor, I would say that the term memory is in the claim. It says cache memory. And in the caching context, the whole historical view of caching involved memory. When the computer is turned on, the instructions, whatnot, goes into memory so that it can access it quickly. What the claim is doing is it's expanding the concept of the cache, which is part of the cache engine, to include additionally mass storage. So the writer of the claim is saying, of course there's memory, there has to be memory, and we're going to add to it mass storage. And that's how the claims and all the examples talk about how it's doing. And those two are used not interchangeably, not where one is an example of it, but they're two distinct elements. And if you look as an example, another example in column 4, lines 9 through 14, it says using the combined memory and mass storage as the cache 102. So there's nothing in the patent itself that would give any indication that the patentee was intending to include to say that the cache can be solely mass storage and not memory. And because you have broadened the claim so much with that construction, the prior art reference Mendon, as an example, is an example where the cache is solely mass storage, which is exactly the type of proxy that the patent talks about as the prior art. Does claim 1 ever say memory separate from cache memory? No, you're wrong. Right. And my understanding was the experts here agreed that cache memory is the same thing as cache. They didn't agree that cache memory is the same thing as memory. So you're asking me to read the claims as if they say simply memory, but they don't. They say cache memory. And all that's saying is that it's kind of like main memory, right? Main memory is a description of memory. It's a type of memory. This is cache memory. It is a type of memory used in cache. And the addition, the novelty of the claim includes mass storage. And then as an example in Claim 17, it will say that you're using that without a file system for mass storage, which is a novel concept. No one had done that before in the caching context. And so you are adding to the prior art, which was memory as a cache. And now you're adding mass storage, and you're doing it in a way that is novel from the prior art, as an example in Claim 17, where it says you're doing it without the use of a file system. Did you say earlier, I think maybe in reference to Medin, that the prior art, I think maybe it was Medin, treated mass storage as cache? It was, yes, the storage system for cache. But it did not use, the Medin reference doesn't use memory at all for caching. Now obviously the Medin reference has memory in it, like any computer has memory, but it's not cache memory in the Medin reference. Which is why when you expand the scope of this claim, Elements 1B and 17B, you're including a prior art like Medin, which is exactly the type of prior art that the Malcolm patent, the 794 patent, distinguishes as prior art. Would the claim be any different if the word memory were dropped and it just said cache, including mass storage? Yes, Your Honor, it would be a fundamentally different claim. Is it all cache and memory? I'm sorry, Your Honor? Isn't all cache a memory? Well, historically that was the case. But now you are adding mass storage in addition to memory to form the cache. So, for example, you'll see in Figures 1 and Figure 2, you'll see cache 102, a box, and within that box there are two distinct elements. There is a memory, 103, and mass storage, 104. So, yes, if you drop the term memory from Element 1B and 17B, yes, you would be fundamentally changing the scope of the claim. I'm confused by that answer. I thought your expert agreed that in this patent cache memory is the same thing as cache. Am I wrong about that? Well, Your Honor, both experts agreed that the examples in the claim, so, for example, Figures 1 and Figure 2, were both considered cache memory including mass storage. Both experts agreed with that for certain. So your expert did not agree that cache memory equals cache, and you maintain there would be a significant difference if the claim just said cache? Your Honor, I might be misunderstanding your question. There's no question that in many instances a cache, when you use the term cache, you're talking about a memory that serves as a cache. There's no question that that's true. And so when I was asking the previous question about the scope of the claim, if you had written this claim to just say a cache, that would be like cache 102 as an example in the figures, cache including mass storage, then the way that would read is you would look at, as an example of Figure 1, you'd say cache 102 including mass storage. Yes, okay, well, that would be 104. It doesn't specifically talk about 103. But when you say cache memory including mass storage, then you have memory and mass storage as part of the cache. The red brief for page 30, I think it is, argues that the Figure 1 embodiment would not be within the scope of the claims under your construction. What's your response to that? The Figure 103, I'm sorry, Figure 1 is clearly within the scope of the claim. I think what they're arguing there is in the context of, and I believe this is true, in the context of Claim 17, where it's saying where you're storing the network elements. And in Claim 17, where it talks about where those network elements are stored, they are stored in a combination of the memory and the mass storage. Now, Figure 1 shows an example of where Network Object 114, a single network object in this case, happens to be stored in mass storage. But the totality of the network objects, which are requested as part of Claim 1 and Claim 17, those can be stored both in mass storage and in memory itself. I'm not sure I agree with your use of the specification, especially when your position appears to be contrary to how the claims read. The claims only refer to cache memory in simple terms and especially require cache memory to include volatile memory. So that's in the claim. It doesn't include to not include volatile memory. So it doesn't include RAM. It doesn't include other types of memories. It can, but it does not necessarily include them. Your Honor, the way I would respond to that concern is the way that Netflix is reading that claim, it could very easily say cache, including mass storage, and leave out the term memory altogether, and you get to exactly the same place. So what they're doing is they're eliminating the term memory from the claim, the way they're reading it, because it's the cache 102, as an example. Cache 102, including mass storage. You are then dropping the term memory in its entirety from the claim language itself. And, Your Honor, if I could just make, just very, very quickly, with respect to Claim 17, the additional issue in Claim 17 is it says that you are, wherein the step of maintaining is performed independently of a file system for mass storage. The reference that they are relating for that element, for Element 17c, is the Markados reference, which talks about caching solely in memory itself, not using mass storage. And then what Markados says is it looks for the network object. If it finds it in memory, it sends it back. If not, then it goes to mass storage, which itself has a file system. And in the cases of Markados, the elements are either found in mass storage or memory, but they're never found exclusively in the memory. And so when you say the requested network objects in our patent, those have to be stored in the cache, which is memory or mass storage, without the use of a file system, which is exactly what Markados does not teach. Okay, you're out of time. Yes, and, Your Honor, I can save the rest of my time. Okay. Thank you. We'll restore some of your time. Thank you. All right. Let's hear from Counselor Batts. Good morning, Your Honors. May it please the Court, I'm Harper Batts on behalf of Apelli Netflix. Also with me today is my colleague, Jeff Liang. I'll start with the cache memory claim construction issue. I think I'd like to address first the claim language that was focused on, as well as the intrinsic and extrinsic evidence, because I believe all three support the board's construction as well as our position that the claim language shouldn't be narrowed and require RAM or volatile memory, but it permissibly allows it. So going back to the claim language, I think Judge Stark pointed out correctly, the claim language is cache memory, and Appellant is arguing that because the term memory is in cache memory, it necessarily requires RAM or volatile memory. But he's arguing against the fact that the claim language, the one thing that is clarified by the claim is that cache memory has to include mass storage. So making this argument that memory must mean volatile memory or RAM is not only refuted directly by the claim language, but it's also refuted. In your view, what is the word memory doing right behind cache? Sure. So if we look, I do think we spent a fair amount of time, my colleague here spent a fair amount of time talking about Figure 1. So if we go to Figure 1 and look at Figure 1, in Figure 1 you have the overall cache engine. And you see that in box 100. And then within the engine you have the processor as well as the cache 102, and then you see the 103 and 104. And what's clear in the base portion, and I think Judge Stark asked about this, the base discussion of Figure 1, which starts at column 3, mass storage is where the network objects are being stored. So in the base explanation of Figure 1, the only place where the network objects are being stored is in mass storage. And if we go to column 3, specifically at line 30, it explains that the cache 102 includes the program and data memory 103. So in the base embodiment, 103 is not being used as a cache for cache memory. The memory is not being used for caching or for quick access, quick scoring. It's being used to hold the program and data memory. So that's where I think there's a buildup on Figure 1, a further explanation when you hit column 4. Because at the top of column 4, it talks about the preferred embodiment. And when it hits the preferred embodiment, that's where it discusses using it. I'm not, I guess, connecting your answer to my question, which may be my fault. Sure. In what way would the claim have any different meaning in your view if the word memory were dropped out after the word cache? Because then the cache would be the 102. It would be the broader box, regardless of what is being used for the caching, the memory that is being used for the caching. And what column 3 that I just pointed to you makes clear is that what is being, the memory that is actually being used, this mass storage is what is being used for the caching in the column 3 explanation of Figure 1. It's only once you hit column 4 at lines 9 through 14 that it's building out that you can also, in a preferred embodiment, use both the RAM memory, memory 103, and the mass storage 104 for the caching. So the memory that's being used for the caching is both. So that's why our position is that not all embodiments require using both RAM and mass storage because the beginning, the very beginning is Figure 1 without building into the preferred embodiment only is using the mass storage for the caching. And I think that's consistent when you go to the other claims. If you drop memory, does that eliminate the limiting nature of the claim or the use of the word including going on to mass storage? I don't think so because I think what it's saying is it's identifying specifically what has to be within that term, whether it's cache memory or cache. It's specifying that whatever that term is, it has to include mass storage. So they've repeatedly argued, and again here today, they said nothing in the patent. So your argument wouldn't change if the word memory was not added or included? The difference would be then that it would just be the cache regardless of what's doing the caching. So again, in column three, what is performing the caching is only the mass storage. So cache without memory can include anything? Well, it has to include mass storage because the claim language says mass storage. The problem here is that they have repeatedly said in their briefing that memory has to equal RAM or volatile memory. So pages 30, I think 33 of their brief, they were very clear on saying memory has to equal mass storage. Sorry, let me just read it out here so I'm accurate. Description of the figures leave no room for ambiguity. Memory means RAM. And clearly that is not true because we have both experts' testimony saying that memory at this time period in 1998 meant a broader term. It meant included mass storage, included RAM, and all types of different types of volatile and nonvolatile memory. We also have the dictionary definitions that also support that position that are cited here. And I think... I'm not sure I'm remembering this right. I thought there was a Microsoft dictionary that said, yeah, the word memory is sometimes used for any set of memory cells that you want to store anything in, whether forever or just for... A device where information... But that more commonly, is that the phrase it used? That memory is distinguished from mass storage? It does go on to say that, Your Honor. Yes, you are correct. Why is that not helpful to the other side? I think both sides can look at that dictionary and argue the two sides, right? The primary definition that starts with is a device where information can be stored and retrieved, and it goes on to make the statement that you have. But I think also if you look at the testimony, not only the experts but the other dictionary definitions, and in particular, I do want to hit the file history statement, where on appendix page 603, when they had to explain what memory means in the context of this patent specification, they said applicants note that the term memory in the claims is meant to broadly encompass both fixed memory, such as DRAM, SRAM, hard disks, caches, etc., as well as removable memories, such as floppy disks, CD-ROMs, data tapes, etc., in a very expansive view of the term memory. And what I thought was particularly notable is when you look at the reply brief on page 12, when they had to address this argument that we raised in our brief, the answer that they provided in the middle of page 12 was to say, well, based on the claim language above, trying to compare the claims, the claims that the Beauregard claims that were being discussed to claim one, they said, based on the claim language above, one can see that the claimed inventions of claims one and 39 use different forms of, quote, memory, quote. So they themselves blew up their own argument in their brief. They said, all the time, memory has to mean RAM. It has to mean volatile memory. And then when faced with the applicant's own statements in the intrinsic record here, in the file history, that said that's not true, they said, well, memory can mean different things. And that goes exactly against their argument that memory has to mean RAM. Can I come back to my colleague's question, which I understand to be, would the claims be any different if instead of reciting cache memory, it just simply said memory? That's what I understand the question to be. And I had understood the experts to agree here that in this patent, cache memory is the same thing as memory. If that's correct, I had understood that your position would be the claims don't change if cache memory instead said memory. So help me understand if I misunderstood your position. So I think on figure 1 again, when you go back to figure 1, when you look at cache 102, when you're talking about figure 1, cache 102 within the preferred embodiment described in column 4, both experts agreed that's cache memory because both portions of it are being used for caching, both the 103 and 104 portions. But when the cache, such as in column 3, is the only portion of the cache, the only portion of the memory or the mass storage that is being used for caching is the mass storage, then there is a difference between cache and cache memory. So the agreement of the experts, I've expanded it beyond what they really agreed. They were focused on figure 1 when they gave that testimony. The figure 1 preferred embodiment discussion. And then I think also if we look at claim 28, it's not one of the challenged claims here, but in terms of looking at the difference between cache and cache memory and cache engine, figure 28 is supportive of the column 3 discussion of what I call the base embodiment because it talks about a cache memory, so cache engine including a cache memory, and then goes on in the third and the fourth element to be a memory storing information including instructions, instructions being executable, et cetera. So that claim is consistent with the column 3 base embodiment where the caching is only occurring in the mass storage portion memory of the cache, not the entirety. And is it further your argument that the figure 1 embodiment depicted in figure 1 would be outside the scope of the claims if we were to reverse the board's claim construction and adopt the narrower construction that CA is arguing for? The figure 1 base embodiment would be. The base embodiment would be. The preferred embodiment would still be within the scope. Yes. I think both parties agree that the scope can permissibly include, has to include mass storage, but can permissibly include the broad, both parties are in agreement that you can have claims that have both under the term cache memory. I do want to address the claim, if there aren't any other questions, I do want to address claim 17. I guess the very initial point that I'd want to address on claim 17 is that the combination that we proposed there, the Medin-Markitos combination, is a combination that is using RAM or volatile memory for caching. So this issue of the claim construction that we've been discussing for cache memory does not change, would not change the underlying determination by the board on that ground and that claim. And I do want to point to appendix page 908 from Markitos because the claim requires not having the file, the last limitation of 17 is saying where the step of maintaining is performed independent of file system for said mass storage. Appendix page 908, which is Markitos at 894, specifically discusses this concept. It discusses caching frequently accessed files in RAM to, and it says without any help from the file system. So the exact issue, limitation that is needed is in the Markitos reference. And the combination actually mirrors an embodiment from the 794. If you look at the 794 column 8, lines 9 through 11, and again column 10, lines 28 and 29, it's talking about having a subset of frequently accessed blocks being cached in the RAM for even quicker access rather than the mass storage. So that's exactly what we used in the Medin-Markitos combination. And I do think it is notable, if you look at the appendix on page 3057 through 3059, I believe, are the infringement contentions from CA Broadcom in the district court. And what they exactly accused here, if you look at the language in the infringement contentions, is where Netflix caches its most popular content in volatile memory. So our combination of Markitos and Medin for claim 17 directly matches their infringement contention theory as well as the embodiments that are in the 794. OK. You got your argument? Yes. Thank you, Your Honor. We'll be showing you in three minutes. Thank you. Thank you, Your Honors. First is, I think we'll be clear from counsel's argument, Netflix counsel's argument, is that if you remove the term memory from the asserted claims, under their interpretation, the scope of those claims do not change. It would be exactly the same. It'd be a cache, including mass storage. That'd be like, in the examples, 102 with 104, and then 103 could be whatever it wants. In the context of their argument that figure one would fall outside the scope of our claim construction, that is not true. In the language it says that he cited, it says cache 102, including program and data memory and mass storage. Well, data memory, that's what we're talking about, storing network objects in memory. In every example in the patent, it talks about storing those network objects in both memory and cache storage. Sometimes you'd sort of memory first and then move it to mass storage. But the idea is that the entirety of the cache is so that it's stored not persistently. In other words, it's taking that mass storage and treating it as memory, in this case, random access memory. So if you dropped the term, with our construction, it says cache memory, including mass storage. That's exactly what is disclosed in figure one and figure two and in all the embodiments within the Malcolm patent. And the dictionary definition that was discussed, the Microsoft one, is exactly right. And the concept of a caching is a cache, like main memory, a cache memory. That's random access memory. That is volatile memory. That's the common use. And so when the patentee is saying cache memory, including mass storage, what is new is the mass storage. The memory part is the way that it's typically used. So the dictionary definitions, and quite frankly, all the references in this case, Meden, Markados, Seltzer, they all, whenever they talk about memory, they're talking about random access memory. And I think both the experts agreed with that. In the context where they talked about the file history. Are you saying that all memory is volatile memory? When you're, Your Honor, in the broad context, no. In the context of the 794 patent, we're talking about caching in the cache system. When you're talking about memory, that is random access memory. And the way that it comes up is, even in the file history, where he talked about the broad language of the term memory, if you look at the claims towards the end, claim 28 is an example. Claim 39 is an example. It says, A, memory for storing information. That's a Boggart-type claim where you're saying, you're talking about the invention as a product as a whole. There, in that case, memory is broad. But then when the claims make a distinction between memory generally and cache memory, it shows up in the claims themselves. And with respect to- You're out of time. Do you want to conclude, just a short conclusion? Yes, Your Honor. The last thing I would say with respect to Markados, they've only used that with respect to limitation 17C. And in that case, you are using a cache with mass storage. But that mass storage has a file system in direct contradiction to the only claim 17C. Thank you, Your Honor. Thank you.